IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH STEINMAN, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, ET AL., | : | NO. 10-2398 |
| Respondents. | : | |

**EXPLANATION AND ORDER**

This matter has been referred to the undersigned for preparation of a Report and Recommendation concerning the *pro se* petition of Seth Steinman ("Steinman" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a sentence that arises out of a conviction in Philadelphia County on charges of rape and related crimes. In his petition, he asserts that his due process rights were violated when the verdict sheet at his trial referred to the complainant as "victim"; that trial counsel was ineffective in not preserving and litigating a claim that the verdicts were against the weight of the evidence; and two claims that trial counsel was ineffective in not objecting to prosecutorial misconduct. The answer to the petition filed by Respondents confirms that each of these claims has been presented to the Pennsylvania Superior Court, either on direct appeal (the due process claim), or PCRA review (the three claims of ineffective assistance of counsel) but contends that they do not merit habeas relief.

Although briefing has not yet concluded, as Petitioner has expressed the desire to file a reply to Respondents' answer, *see* Doc. 20 (moving for an extension of time to file reply "until after the Holiday season" due to alleged inadequate time in the prison law library), he has now also moved for a stay of proceedings. *See* Doc. 18 (motion dated Oct. 27, 2010). Respondents have not responded to either the extension motion or the stay motion. For the reasons set forth below, we will

1

grant Petitioner's request for an extension of time to file a reply brief but deny his request for stay at this time.

   1.   **Procedural background**[1]

Petitioner was convicted in the Philadelphia Court of Common Pleas on April 19, 2004 of rape, sexual assault, and simple assault relating to an incident that occurred on June 17, 2000 and for which Petitioner was arrested on June 22, 2000. On appeal he raised a due process claim that he also brings in his federal petition as his first grounds for relief concerning the reference to the complainant as "victim" on the verdict sheet. His conviction was affirmed by the Pennsylvania Superior Court on November 15, 2006. (Resp. at Ex. C.) After the Pennsylvania Supreme Court denied him allocatur on May 24, 2007, (Resp. at Ex. D), he filed an application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 *et seq.*, *pro se,* on or about July 20, 2007. David Rudenstein, Esquire was appointed and filed an amended PCRA petition raising three claims (mirroring the claims raised in Grounds Two, Three, and Four in the federal petition before this Court) of ineffective assistance of counsel: that prior counsel was ineffective for failing to preserve and litigate a claim that the verdict was against the weight of the evidence and that prior counsel was ineffective for failing to object to and preserve claims regarding alleged prosecutorial misconduct in the prosecutor's closing arguments, including

---

[1] In that the original state court record is not available to us due to pending litigation in state court, our understanding of the history of Steinman's state court proceedings comes from the filings in this case as well as our review of the state court dockets available online through the Administrative Office of the Pennsylvania Courts. *See Commonwealth v. Steinman*, Philadelphia Court of Common Pleas, Docket, http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-51-CR-1006661-2000 (last visited Nov. 22, 2010) (hereinafter "Common Pleas Docket"); and *Commonwealth v. Steinman*, Pennsylvania Superior Court, Docket, http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=2666 EDA 2010 (last visited Nov. 22, 2010) (hereinafter "Superior Court Docket").

the fact that the prosecutor asked the jurors to put themselves "in [the complainant's] shoes," personally vouched (allegedly) for the credibility of a Commonwealth police witness, and referred to the only defense witness as Steinman's "lying felon friend." *See* Letter Brief in support of Amended PCRA Petition, dated Jan. 18, 2008. (Resp. at Ex. E.) The PCRA Court dismissed the petition without a hearing on June 17, 2008. *See* Common Pleas Docket Sheet at 23. (Resp. at Ex. A.)[2] Rudenstein filed an appeal to the Superior Court, but that court affirmed on May 19, 2009. *Id.* at 23-25. (Resp. at Ex. F.) The Pennsylvania Supreme Court denied allocatur on December 1, 2009. (Pet. at 6.)

Not long thereafter, on or about January 28, 2010, Petitioner filed what is characterized on the state court docket as another *pro se* PCRA petition. *See* Common Pleas Docket at 26 (entry dated 02/02/2010).[3] Steinman characterizes the grounds raised in that petition as "Rule 600, speedy trial violation, Prosecutorial Misconduct, failure to produce Brady Material, Ineffective Assistance of Trial Counsel for failure to request a colloquy of defendant before stipulation to certain evidence was made." (Pet. at 6.) That petition was still pending in the PCRA Court when, on or about May 10, 2010, Steinman submitted his form petition for federal habeas relief pursuant to 28 U.S.C. § 2254 to this Court. *See* Pet. at 7 (describing the pending proceeding in state court).[4] The state court docket reflects that, after Steinman filed a response to a Rule 907 dismissal notice on July 19,

---

[2] The docket sheet does not reflect that Attorney Rudenstein or Steinman filed a response to the Notice of Intent to Dismiss.

[3] Steinman refers to this post-conviction petition as an "Application to re-instate PCRA Appeal rights Nunc Pro Tunc, on issues in Pro Se PCRA Petition." (Pet. at 6.)

[4] As we discuss below, there is no overlap in the claims raised in the federal petition and the PCRA petition that was initiated in 2010.

3

2010, the PCRA Court entered an order denying the PCRA petition on August 17, 2010. *See* Common Pleas Docket at 26.[5] Steinman appealed to the Pennsylvania Superior Court. *See also* Resp. at 6 n.3 (noting, in filing made on October 7, 2010, that PCRA Court dismissed second petition without a hearing and that Steinman had filed an appeal).

On October 21, 2010, apparently in response to Steinman's *pro se* Criminal Docketing Statement and the Common Pleas Court docket, the Superior Court identified an apparent defect in the proceedings below, in that prior PCRA counsel, Attorney Rudenstein, still appeared to be listed as counsel of record yet had not been notified by the Philadelphia County Clerk of Courts that Steinman had filed a *pro se* notice of appeal. The Superior Court remanded the matter to the lower court for a determination as to whether Attorney Rudenstein had "abandoned" Steinman and to take any further action necessary to protect Steinman's right to appeal. *Commonwealth v. Steinman*, No. 2666 EDA 2010 (Pa. Super. Ct. Oct. 21, 2010). (Doc. 18.) The state court docket sheets indicate that the PCRA Court filed a "counsel abandonment memorandum" and opinion on November 8, 2010. *See* Common Pleas Docket at 27.[6] The record was again certified and returned to the Superior Court on November 8, 2010, where it appears to still be pending. Steinman's appellant brief appears to be due on December 22, 2010. Superior Court Docket at 1, 2.

---

[5] The record before us does not indicate the basis for the PCRA Court's dismissal of this petition.

[6] While we do not have the benefit of a copy of that filing, it appears that the PCRA Court's response to the Superior Court's directive indicated that Steinman did not have a right to counsel in this matter, as it is his second PCRA action. *See* Superior Court Docket at 3 (comment dated 11/12/10: "Per T/C [trial court] Memorandum - this is appellant's second PCRA petition and he is not entitled to court appointed counsel").

On October 27, 2010, following upon the Superior Court order remanding his case to the PCRA Court to address the purported counsel abandonment issue, Steinman filed in this Court a "Motion of Petitioner for a Stay and Abeyance" (Doc. 18) along with a "Brief for Motion of Petitioner for a Stay and Abeyance" (Doc. 19). In those filings, Steinman has brought to our attention the October 21, 2010 Order from the Superior Court and argues that "this would very likely or possibly allow petitioner to amend his present petition to include an abandonment of P.C.R.A. counsel claim should the Superior Court of Pennsylvania not rule in petitioner's favor after exhaustion of these pending claims." (Doc. 18, Mot. at ¶ 2.) He asserts that it would be in the interest of comity for this Court to defer action on his present, pending federal petition while the state courts "have had an opportunity to pass upon the matter." (Doc. 19, Br. at ¶ 1 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).) *See also id.* (citing *Rhines v. Weber*, 125 S. Ct. 1528, 1533 (2005)). Respondents have not filed a response indicating either their opposition or acquiescence to the stay requested by Petitioner.

2. **The motion for a stay and abeyance**

Petitioner requests that this Court place the present federal habeas petition in abeyance pursuant to *Rose v. Lundy*, 455 U.S. 509, 518 (1982) and *Rhines v. Weber*, 544 U.S. 269 (2005). *See* Doc. 19 at ¶1 (Brief in Support of Motion). In *Rhines*, the Supreme Court determined that a district court need not dismiss a petition that it determines contains both exhausted and unexhausted claims. The Court approved of a "stay and abey" procedure available in "limited circumstances," specifically, where "the petitioner had good cause for his failure to exhaust [the claims in the federal petition that were not yet exhausted], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544

5

U.S. at 278. In such cases, *Rhines* directs the court to stay disposition as to exhausted claims contained in the petition and hold the petition in abeyance while the petitioner completes the exhaustion process. Once the petitioner fully exhausts his claims, the district court may then lift the stay and review the petition. *Id.* at 277-78.[7]

This case is distinguishable from *Rhines* in two significant respects. First, it is not a mixed petition but rather one comprised only of four claims — all of which are exhausted. Steinman has suggested that he might seek to amend his habeas petition at some point, but he has not yet done so. *See* Doc. 18, Mot. for Stay at ¶ 2 (asserting that a "new development" in appeal of second PCRA petition "would very likely or possibly allow petitioner to amend his present petition" to include another claim). Therefore, unlike the scenario in a case where the petitioner had already amended (or sought leave to amend) his petition to include a new (albeit unexhausted) claim, the case that Steinman wishes to stay in federal court does not presently include any unexhausted claim.

---

[7] *Rhines* was decided in the case of a "mixed petition," that is, one containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (describing mixed petitions). In a subsequent decision, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which did not involve a mixed petition and which was decided on timeliness grounds, the Court discussed in dicta the manner in which the stay and abey procedure might be employed to avoid harsh results preventing federal habeas review. *See Pace*, 544 U.S. at 416.

The Court of Appeals for the Third Circuit recently interpreted *Pace* as permitting the use of the stay and abey procedure in a context outside that of mixed petitions, that is, in the case of a federal petition containing only unexhausted claims, where not even a single claim had yet been presented to the state appellate court. In *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 14, 2009), the court held that the district court erred in assuming that the stay and abey procedure would not be available to a petition consisting of only unexhausted claims, e.g., a petition that was not "mixed." The court believed that "a distinction between mixed and non-mixed petitions would make no sense in the context of granting a stay to avoid penalizing a prisoner for reasonable confusion about state court filing requirements." *Id.* at 191. The dissent objected that the majority's holding employed dicta from *Pace* to overrule, *sub silentio*, the 1982 *Rose v. Lundy* decision that had required dismissal of petitions containing only unexhausted claims, expressing doubt that this would have been the Supreme Court's intention in *Pace*. *See Heleva*, 581 F.3d at 196-97 (Chagares, J., dissenting).

6

Second, when we apply the *Rhines* factors, we conclude that a stay would not be permitted. While we see no indication that Steinman is engaged in intentionally dilatory litigation tactics and take no position at this point on the question of whether he has good cause for having not presented previously any presently unexhausted potential claim to the state court, we cannot resolve in Steinman's favor the question of the potential merit of his "likely" or "possible"— but presently unexhausted — claim. The *Rhines* Court explained that the district court would *abuse* its discretion if it were to grant a stay requested by a petitioner whose unexhausted claims were "plainly meritless." *Rhines*, 544 U.S. at 277. Here, the particular unexhausted claim that Steinman suggests he "would very likely or possibly" add to his pending federal petition is "an abandonment of P.C.R.A. counsel claim[.]" *See* Mot. for Stay, Doc. 18 at ¶ 2. Such a claim, however, is not cognizable on federal habeas review, as the habeas statute provides explicitly that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(*i*). As the claim that Steinman suggests he might add to his federal petition — and the only claim upon which his motion for a stay is based — is one that cannot provide relief, we must resolve the second factor of the *Rhines* test against Steinman. Accordingly, we conclude that it would not be proper for the Court to grant a stay based upon the motion that Steinman has presented.[8]

---

[8] We observe that Steinman's petition indicates that the PCRA petition currently being litigated in state court involves a number of claims, at least some of which would appear at least to be cognizable on federal habeas review. *See* Pet. at 6, ¶ 11(b). With no further information as to the bases for those claims, and particularly in light of the fact that Steinman has neither sought to amend his federal petition to include those claims nor suggested that he would desire to bring those claims into his federal petition and then seek a stay, we are not required to determine at this point whether those claims are "plainly meritless" or rather whether any of them are "potentially meritorious."

### 3. Motion for extension of time to file Reply brief

Steinman has also moved for an extension of time to respond to the Respondents' answer to his federal petition, which was filed on October 7, 2010 and served upon Steinman by mail on October 12, 2010. (Doc. Nos. 15-16.) Pursuant to our earlier order, any reply he wished to file would be due 30 days after service of Respondents' answer to his petition. He has indicated that he would like to reply to the response, assuming that a stay is not granted, and requests an extension of time "until after the Holiday season" to allow him to fully review and research Respondents' "large" response, and particularly in light of "inadequate time" available to him in the prison law library. (Doc. 20 at 2.) As we see no evidence at this point of any dilatory tactics on the part of Petitioner, and given the fact that Respondents also received an extension of time to respond to the petition, we will grant Petitioner the requested extension of time.

AND NOW, this   30th   day of November, 2010, for the reasons set forth in the foregoing explanation, **IT IS ORDERED** that the "Motion of Petitioner for a Stay and Abeyance" (Doc. No. 18) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Exten[s]ion of Time to File Response" (Doc. No. 20) is **GRANTED** and that the period of time in which he may file a reply is extended until January 31, 2011.

BY THE COURT:

  /s/ David R. Strawbridge  
DAVID R. STRAWBRIDGE  
UNITED STATES MAGISTRATE JUDGE